**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE ORLANDO SARAVIA GAITAN,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2125-KC** |
| | § | |
| **WARDEN, EL PASO PROCESSING CENTER, et al.** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Jose Orlando Saravia Gaitan's Petition for a Writ of Habeas Corpus, ECF No. 1. Saravia Gaitan is held in immigration detention at the El Paso Service Processing Center in El Paso, Texas. *Id.* ¶ 5. He argues that his detention without an individualized custody determination is unlawful on statutory and constitutional due process grounds and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 51–83; *id.* at 20.

Saravia Gaitan entered the United States without inspection on October 24, 2016. Resp. 7, ECF No. 3. He was placed in removal proceedings and then released into the country. *Id.* On June 1, 2026, Saravia Gaitan's removal proceedings were terminated. *Id.* at 8. Saravia Gaitan was previously arrested for domestic violence, but the case resulted in a nolle prosequi. *Id.* On July 24, 2026, Saravia Gaitan was taken into immigration custody and re-placed in removal proceedings. *Id.* In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, Saravia Gaitan's case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)." Show Cause Order 4. The Court thus asked

Respondents to engage with its prior decisions and "explain whether the facts of Saravia Gaitan's case warrant a different outcome." *Id.*

On August 21, 2026, Respondents filed their Response, in which they argue that Saravia Gaitan's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Resp. 1. Respondents also argue that the en banc Fifth Circuit's issuance of a stay of three district courts' judgments, which had each ordered the release of immigration habeas petitioners held under 8 U.S.C. § 1225(b)(2)(A), on due process grounds, *Sosnava Rodriguez v. Ortega*, --- F.4th ----, 2026 WL 2104747 (5th Cir. July 21, 2026), bars this Court from considering Saravia Gaitan's procedural due process claim. Resp. 1–5.

Saravia Gaitan challenges his detention without an individualized custody determination as unlawful on statutory and constitutional due process grounds. Pet. ¶¶ 51–83. The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Saravia Gaitan's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Saravia Gaitan's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted). "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at *2 (citations omitted). Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at

*3 (W.D. Tex. Feb. 20, 2026) (collecting cases). As to Respondents' latter argument that *Sosnava Rodriguez* bars consideration of Saravia Gaitan's claim, Resp. 1–5, the Court rejects those arguments for the reasons stated in its Show Cause Order. *See* Show Cause Order 1–3.

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–27, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88. Because Respondents have not identified any material differences between Saravia Gaitan's case and this Court's prior decisions, and neither *Buenrostro-Mendez* nor the stay order in *Sosnava Rodriguez* bar consideration of Saravia Gaitan's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Saravia Gaitan's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

---

[1] To the extent there are any fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 7–8, and therefore grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Saravia Gaitan's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

The Court **ORDERS** that, **on or before September 1, 2026**, Respondents shall either: (1) provide Saravia Gaitan with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Saravia Gaitan's continued detention; or (2) release Saravia Gaitan from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before September 1, 2026**, Respondents shall **FILE** notice informing the Court whether Saravia Gaitan has been released from custody. If Saravia Gaitan has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Saravia Gaitan is released from custody, Respondents shall **RETURN** all of his personal property in their custody, without which his liberty interest will be affected, to him upon release. Such property includes, but is not limited to, identification documents.

**There will be no extensions of the September 1, 2026, deadlines**, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

SIGNED this 24th day of August, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE